United States District Court
District of Connecticut

Jerome Riddick,
      Plaintiff

vs.

Kathy Maurer, Edward Maldonaldo, William Mulligan, Brien Libel, Carson Wright, Vikki Scruggs, Barbra Savoie, and Ellen Durko, all sued in their individual and official capacities,
      Defendants.

: Docket Case No.
:
:
:
:
:
:
:
:
:
:
:
: December 1, 2016

## Complaint

1. Plaintiff Jerome Riddick brings this action pursuant to 42 USC § 1983 because Defendants have knowingly denied him an adequate mattress, and adequate medical care of treatment for his serious neck, back, shoulders, eye, and hip conditions and allowing such conditions to deteriorate in violation of the Eighth Amendment to the United States Constitution.

## Parties

2. Plaintiff Jerome Riddick ("Plaintiff") is an inmate currently in the custody of the Connecticut Department of Correction ("DOC") at Northern Correctional Institution ("Northern").

SCANNED at NCI and Emailed
12/8/16 by [initials]. ____ pages
date   initials  No.

3. Defendant Scott Semple ("Semple") is the Commissioner of the DOC. The duties of the Commissioner of Correction are described in Conn. Gen. Stat. § 18-81. At all relevant times, he was acting within the scope of his employment and under color of state law. He is sued in his individual and official capacities.

4. Defendants Edward Maldonaldo ("Maldonaldo") is the former Warden at Northern, and William Mulligan ("Mulligan") is the current Warden at Northern. As such, they had and or have certain responsibilities as appointed officials by the Commissioner of Correction for the adoption and enforcement of policies at Northern, and the custody and care of inmates at Northern. At all relevant times, they were acting within the scope of their employment and under color of state law. They are sued in their individual and official capacities.

5. Defendant Kathy Maurer ("Maurer") is the Director of Health Services for the DOC. As such, she has certain responsibilities as an appointed official by the Commissioner of Correction for overseeing the provision of medical care and treatment to inmates confined in the DOC. At all relevant times, she was acting within the scope of her employment and under color of state law. She is sued in her individual and official capacities.

6. Defendant Brien Libel ("Libel") is a Health Service Administrator for Northern. At all relevant times, he was acting

within the scope his employment and under color of state law. He is sued in his individual and official capacities.

7. Defendant Carson Wright ("Wright") is a medical doctor assigned to Northern. As such, he was one of several individuals who provided medical care and treatment to the Plaintiff during the period of his confinement at Northern. At all relevant times, he was acting within the scope of his employment and under color of state law. He is sued in his individual and official capacities.

8. Defendants Vikki Scruggs ("Scruggs"), Barbra Savoie ("Savoie"), and Ellen Durkin ("Durkin") are Nurses assigned to Northern. As such, they are several individuals who provided medical care and treatment to the Plaintiff during the period of his confinement at Northern. At all relevant times, they were acting within the scope of their employment and under color of state law. They are sued in their individual and official capacities.

### Jurisdiction

9. Jurisdiction of this Court is invoked pursuant to 28 USC §§ 1331 and 1343(a)(3), and the Eighth Amendment to the United States Constitution.

10. Plaintiff has exhausted all available administrative remedies pursuant to the administrative remedies of the DOC and the Prisoner Litigation Reform Act, 42 USC § 1997e(a).

## Statement of Facts

### Plaintiff's Serious Medical Condition

11. On January 22, 2016, Plaintiff was diagnosed with degenerative "disc and joint" disease in his neck and both shoulders, respectively; as well as "curvilinear 1.5 cm metal density overlies the medial superior scapula spine" in both shoulders, and "linear 1.2 cm metal density to left manubrium sternum."

12. On August 19, 2016, Plaintiff was diagnosed with a serious hip issue.

13. On November 8, 2016, Plaintiff was diagnosed with "Sciatic Nerve Syndrome".

14. Plaintiff has a back condition where he feels extreme pain in three different parts of his spine.

15. Plaintiff was diagnosed with "myopia and astigmatism" in both eyes, and his right eye has been deteriorating faster than his left eye.

16. Plaintiff experiences muscle spasms, numbness, tingleness, and pain in his left shoulder frequently throughout the day, everyday.

17. Plaintiff experiences muscle spasms, tingleness, and pain in his left-hip, lower left-back, left-knee frequently throughout the day, everyday.

18. Plaintiff experiences a combination of sharp pains, stabbing pains, and throbbing pains that travels down his left-arm and left-leg, including his left-hand and fingers and left-foot and toes frequently throughout the day, everyday.

19. Plaintiff experiences multiple pinched nerves in his neck area and shoulders area, usually under the arm pits that causes extreme pain and limited mobility, that occurs several times a month, every month.

20. The medical conditions and pains that the plaintiff is experiencing generally affects and is targeting the left-side of his body, including his arm, leg, hand, foot, fingers, toes, lower back, shoulder, and groin area.

21. Plaintiff's neck, back, shoulders, hip, knee, and the pain he experiences causes him limited mobility.

22. Plaintiff's eye condition has deteriorated so bad in his right-eye that he cannot see out of it, and it's still deteriorating.

23. Even though the Plaintiff is prescribed a pair of eye glasses, he

cannot wear them for normal periods of time because his right eye is straining so much that he feels painful knife-like slices in it as well as sometimes see the slices in his vision which causes pain too.

24. Even with the Plaintiff wearing his prescribed eye glasses, it dulls and narrows his vision as well as makes objects appears smaller than what their actually are with respect to his right eye.

Denial And Delay of Treatment

25. Defendants Scruggs, Savoie, and Durko have been prolonging the plaintiff's scheduling to see the doctor for his medical conditions.

26. Plaintiff cannot access the doctor without going through the nurses, even though their not qualified for certain of plaintiff's issues to decide and treat what is wrong with him; thereby prolonging access to the doctor or person who is qualified.

27. Defendants Maurer, Libel, and Wright have denied the plaintiff an "MRI" for his neck, back, hip, shoulders, arm, leg, and neurological or neuromuscular pain.

28. Defendants Libel, Wright, Scruggs, Savoie, and Durko delayed the plaintiff's ability to take X-Rays for his neck, back, shoulders, and hip for weeks and months.

29. Defendants Libel, Wright, Scruggs, Savoie, and Durko have denied and delayed the plaintiff's ability to take X-Rays of his back and spine, and the plaintiff is still waiting to have X-Rays taken.

30. Defendants Maurer, Libel, and Wright have denied and delayed the plaintiff's treatment by eye surgery to correct his condition, and the plaintiff's eye condition is still deteriorating.

Denial of an Adequate Mattress

31. On March 28, 2016, and May 23, 2016, defendants Maldonaldo and Mulligen denied Plaintiff an adequate mattress.

32. Defendants Maldonaldo and Mulligen denied Plaintiff an adequate mattress since his confinement at Northern.

33. Plaintiff's mattress is worn, thin, and damaged.

34. Plaintiff's mattress has rips in it in various places and continues to deteriorate.

35. Plaintiff's mattress is so worn out that as soon as he lays on it, it deflates to about two inches and becomes so flat that it feels like he's lying on the metal

bedframe without an mattress.

36. Defendants claim that there is nothing to substantiate that the Plaintiff's mattress did not meet the standards of issuance while at Northern.

37. Plaintiff's mattress aggravates and exacerbates his neck, back, hip, and shoulders condition causing him muscle spasms and pinched nerves.

38. Defendants Wright, Scruggs, Savoie, and Durko claim that issues with mattresses is a custody concern and that medical do not provide medical mattresses.

39. Defendants have been giving Plaintiff the run around between staff to secure a new mattress.

Deliberate Indifference

40. Defendants were deliberately indifferent to Plaintiff's serious medical needs

41. Defendants knew about Plaintiff's medical needs, the condition of his confinement, and the devastating effect of those conditions on his medical condition.

42. Defendants Maldonaldo, Mulligan, Maurer, Libel, Wright, Scruggs, Savoie, and Durko were provided with Plaintiff's medical records and therefore knew about Plaintiff's medical needs from those records.

43. Defendants Maurer, Libel, Wright, Scruggs, Savoie, and Durko knew that an X-Ray do not tell you whats wrong with a neurological and neuromuscular condition.

44. Defendants Maurer, Libel, Wright, Scruggs, Savoie, and Durko knew that an MRI is the only way that effectively tells you whats wrong with a neurological and neuromuscular condition.

45. Defendants Maurer, Libel, Wright, Scruggs, Savoie, and Durko knew that with Plaintiff's medical conditions, a worn, thin, flat mattress would aggravate and exacerbate those conditions.

46. Defendants Maldonaldo and Mulligan knew that Plaintiff's mattress was worn, thin, and flat, and that sleeping on such mattresses for long periods of time would cause him medical issues or pain associated with such a mattress.

47. Defendants Maurer, Libel, and Wright know that with Plaintiff's eye condition if he do not receive surgery his eyes will continue to deteriorate.

48. Plaintiff repeatedly informed Defendants about his conditions.

49. Plaintiff's conditions was the subject of numerous grievances and health service reviews.

50. Defendants disregarded the excessive risk to Plaintiff's medical needs by continuing to subject him to the conditions of confinement described herein and by failing to take any corrective action.

51. Defendants have caused Plaintiff to suffer irreparable harm and Plaintiff lacks an adequate remedy at law.

### First Count

52. Plaintiff incorporates the allegations in paragraphs 1-51.

53. Defendants Maldonaldo and Mulligan have violated Plaintiff's rights to be free from cruel and unusual punishment under the Eighth and Fourteenth Amendments to the United States Constitution enforceable through 42 USC § 1983 by acting with deliberate indifference to Plaintiff's condition of confinement.

54. As a direct and proximate result of the violations committed by these Defendants, Plaintiff suffered physical harm described herein.

## Second Count

55. Plaintiff incorporates the allegations in paragraphs 1-54.

56. Defendants Maldonaldo, Mulligan, Maurer, Libel, Wright, Scruggs, Savoie, and Durko have violated Plaintiff's rights to be free from cruel and unusual punishment under the Eighth and Fourteenth Amendments to the United States Constitution enforceable through 42 USC § 1983 by acting with deliberate indifference to Plaintiff's serious medical needs.

57. As a direct and proximate result of the violations committed by these Defendants, Plaintiff suffered the physical harm described herein.

58. As a direct and proximate result of the violations committed by these Defendants, Plaintiff suffered the physical and mental harm described herein.

## Prayer For Relief

Wherefore, Plaintiff respectfully prays for relief as follows:

1. A declaratory judgment that the actions of Defendants violated the Eighth and Fourteenth Amendments of the United States Constitution.

2. An injunction ordering Defendants to provide Plaintiff with an medical mattress, an adequate mattress, an X-Ray, an MRI, and eye surgery.

3. An award of compensatory damages against Defendants in their individual capacities.

4. An award of punitive damages against Defendants in their individual capacities.

5. Such other relief as the court may deem just and proper.

Plaintiff, Jerome Riddick
By: Jerome Riddick
Jerome Riddick #295006
Northern CI
287 Bilton Rd
Somers, CT 06071

## Declaration

I, Jerome Riddick, certify under penalty of perjury that the information contained in this complaint is true and accurate to the best of my knowledge. I understand that if I lie in this complaint, I may be prosecuted for perjury, and punished with as much as 5 years in prison and/or a fine of $250,000. See 18 USC §§ 1621 and 3571

Signature: *Jerome Riddick*
Signed at: Somers, Connecticut   on   December 1, 2016