UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

|  |  |  |
|---|---|---|
| JEROME RIDDICK, | : | |
| Plaintiff, | : | No. 3:16-cv-2009 (SRU) |
| | : | |
| v. | : | |
| | : | |
| KATHY MAURER, et al., | : | |
| Defendants. | : | |
| | : | |

### RULING ON PLAINTIFF'S MOTIONS FOR TEMPORARY RESTRAINING ORDERS

On December 8, 2016, Jerome Riddick, currently confined at Northern Correction Institution in Somers, Connecticut, filed a complaint *pro se* pursuant to 42 U.S.C. § 1983. Riddick alleges that the defendants acted with deliberate indifference to his medical needs. The court granted Riddick's motion for leave to proceed *in forma pauperis* on December 15, 2016. On December 22, 2016, I issued an initial review order [Doc. # 9] permitting Riddick's claims to proceed against all eight defendants: Director Kathy Maurer, Warden Edward Maldonado, Warden William Mulligan, Administrator Brien Libel, Dr. Carson Wright, Nurse Vikki Scruggs, Nurse Barbara Savoie, and Nurse Ellen Durko.

On December 15, 2016, Riddick filed an "emergency" motion for a temporary restraining order against the defendants [Doc. # 8]. I ordered the defendants to respond to the motion by February 20, 2017 [Doc. # 10], but the defendants never filed a response. Thereafter, default was entered against the defendants for failure to plead [Doc. # 25]. Since then, Riddick has filed two more "emergency" motions for a temporary restraining order or preliminary injunction [Docs. # 33, 41]. In support of his motions, Riddick seeks an order mandating that the defendants provide him with an MRI, X-Ray, corrective eye surgery, and an adequate mattress to alleviate his deteriorating medical conditions.

The defendants responded with a written objection [Doc. # 36] to the second "emergency" motion [Doc. # 33], arguing that Riddick's complaints about his medical conditions are being properly addressed. The defendants attached a declaration from Riddick's physician, Dr. Carson Wright, asserting that Riddick's medical issues are being addressed [Doc. # 36-1]. Thereafter, Riddick filed a "motion to strike" and a written opposition to the defendants' objection [Doc. # 37, 39], in which he argues that the defendants, who have been defaulted in this proceeding, cannot object to his motions. Because the order defaulting the defendants has been vacated [Doc. # 52], I will now address the substance of Riddick's motions for a temporary restraining order.

"The Court has discretion whether to issue a temporary restraining order where specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition and the movant certifies in writing any efforts made to give notice and the reasons why it should not be required." *Oliphant v. Villano*, 2010 WL 537749, at *12 (D. Conn. Feb. 11, 2010) (quoting Fed. R. Civ. P. 65(b)). "The purpose of a temporary restraining order is to preserve an existing situation *in statu quo* until the court has an opportunity to pass upon the merits of the demand for a preliminary injunction." *Garcia v. Yonkers School Dist.*, 561 F.3d 97, 107 (2d Cir. 2009) (internal quotation marks omitted).

The Second Circuit applies similar standards for temporary restraining orders and preliminary injunctions, "and district courts have assumed them to be the same." *See Foley v. State Elections Enforcement Com'n*, 2010 WL 2836722, at *3 (D. Conn. July 16, 2010) (quoting *Allied Office Supplies, Inc. v. Lewandowski*, 261 F. Supp. 107, 108 n.2 (D. Conn. 2005). Preliminary injunctive relief is an extraordinary remedy and is never awarded as a matter of

right. *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008); *Johnson v. Newport Lorillard*, 2003 WL 169797, at *1 (S.D.N.Y. Jan. 23, 2003). A movant seeking a preliminary injunction must establish (1) irreparable harm in the absence of the injunction and (2) either a likelihood of success on the merits or sufficiently serious questions going to the merits to make them a fair ground for litigation and a balance of hardships tipping decidedly in the movant's favor. *Jolly v. Coughlin*, 76 F.3d 468, 473 (2d Cir. 1996); *Shapiro v. Cadman Towers, Inc.*, 51 F.3d 328, 332 (2d Cir. 1995); *Mitchell v. Cuomo*, 748 F.2d 804, 806 (2d Cir. 1984). With respect to the first prong, courts will presume that a movant has established irreparable harm in the absence of injunctive relief when the movant's claim involves the alleged deprivation of a constitutional right. *Jolly*, 76 F.3d at 482; *Mitchell*, 748 F.2d at 806. "In deciding a motion for preliminary injunction, a court may consider the entire record including affidavits and other hearsay evidence." *Johnson*, 2003 WL 169797, at *1.

When the movant seeks a "mandatory injunction," meaning an injunction that will alter rather than maintain the status quo by some positive act, or an injunction that will essentially provide the movant with all the relief sought, which cannot be undone in the event the defendant prevails at trial, the movant must satisfy an even higher standard of proof. *Jolly*, 76 F.3d at 473; *Johnson*, 2003 WL 169797, *1. He must make a "clear or substantial showing of a likelihood of success" on the merits. *Jolly*, 76 F.3d at 473 (internal quotation marks omitted).

Because Riddick is alleging that the defendants violated his Eighth Amendment protection against cruel and unusual punishment, I will presume that a denial of injunctive relief will result in irreparable injury, *see Jolly*, 76 F.3d at 482. He is also seeking an order mandating specific services to address his medical needs, which subjects him to the heightened standard of proof that his claim will likely succeed on the merits. At this stage of the proceeding, however,

Riddick has not clearly shown a likelihood of success on the merits to warrant preliminary injunctive relief. His allegations are devoid of evidence that any of the defendants acted with the sufficiently culpable state of mind required to establish a claim of deliberate indifference to medical needs. *See Johnson v. Connolly*, 378 F. App'x 107, at *1 (2d Cir. 2010) (plaintiff failed to establish likelihood of success on merits of Eighth Amendment claim); *Jones v. Tompkins*, 2014 WL 860334, at *8 (W.D.N.Y. Mar. 5, 2014) (to obtain preliminary injunction in form of medical treatment plaintiff must show that medical condition is "sufficiently serious" and that defendants acted with deliberate indifference to medical needs); *Amaker v. Fischer*, 2012 WL 80207777, at *2 (W.D.N.Y. Sept. 28, 2012) (plaintiff's bare allegations of constitutional violations insufficient to demonstrate likelihood of success on merits for injunctive relief). He merely alleges that the defendants "delayed" or "denied" his requests for medical attention, which is insufficient for a finding of deliberate indifference. *See Harrison v. Barkley*, 219 F.3d 132, 139 (2d Cir. 2000) (delay in treatment based on bad diagnosis, erroneous calculation of risk, or mistaken view that condition is benign or trivial does not alone amount to Eighth Amendment violation). Because Riddick has not clearly shown a likelihood of success on the merits, his motions for preliminary injunctive relief will be denied.

Riddick's motions for preliminary injunctive relief [Docs. # 8, 33, 41] are **DENIED**. Riddick's motion to strike the defendants' written opposition to the motion for injunctive relief [Doc. # 37] is **DENIED**.

**SO ORDERED** this 17th day of May, 2017, at Bridgeport, Connecticut.

/s/STEFAN R. UNDERHILL
Stefan R. Underhill
United States District Judge