# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

| | |
|---|---|
| JEROME RIDDICK, : | |
| Plaintiff, : | |
| : | |
| v. : | Case No. 3:16-cv-2009 (SRU) |
| : | |
| KATHY MAURER, et al., : | |
| Defendants. : | |
| : | |

## RULING ON PENDING MOTIONS

Jerome Riddick, currently confined in a Connecticut Department of Correction facility, filed a complaint *pro se* pursuant to 42 U.S.C. § 1983. Riddick alleges that the defendants acted with deliberate indifference to his medical needs in violation of the Eighth Amendment. I issued my Initial Review Order on December 22, 2016, permitting Riddick's claim to proceed against all defendants, Doc. No. 9, and the defendants answered the complaint on May 1, 2017, Doc. No. 45. From the defendants' tardy filing of an answer to the original complaint to the present, progress in litigating this case has been slow. The delays appear to have been due to factors including Riddick's filing of numerous motions that are not suitable for motion practice in this action, and internal personnel matters at the Connecticut Attorney General's Office. My earlier order at doc. no. 95 has provided some guidelines for Riddick regarding motion practice and future filings. In this ruling, I rule on any currently outstanding motions. The defendants have also filed a motion to withdraw the attorney formerly responsible for this case, Doc. No. 98, which I hereby grant. Defendants' new counsel has timely managed litigation of this case since her appointment in January of this year, and I expect she will continue to do so moving forward. In light of prior delays, this ruling sets a new discovery deadline of January 8, 2019, and a

deadline for dispositive motions of February 8, 2019. Absent extraordinary circumstances, further extensions are unlikely to be granted.

   A. Riddick's Motion for a Gag Order (Doc. No. 65)

In support of his motion for a gag order, Riddick asserts that the defendants are permitting non-clinical staff to be present during discussions of his medical issues, in violation of his right to medical privacy. To the extent that Riddick's grievance is legitimate, a gag order in this case is not his appropriate remedy.

A gag order is typically issued by a court prior to trial to prevent possible tainting of the prospective jury pool. *See, e.g.*, *Coggins v. County of Nassau*, 2014 WL 495646, *1 (E.D.N.Y. Feb. 6, 2014). Because a gag order is essentially a limitation on speech, the party seeking the order must show that good cause exists to limit the dissemination of covered information. *See Schoolcraft v. City of New York*, 2013 WL 4534913, *3 (S.D.N.Y. Aug. 27, 2013) ("[I]t is the burden of the party seeking the order to show that good cause exists for issuance of the order.").

In this case, Riddick has not stated sufficient grounds for the issuance of a gag order. It is unclear at this stage of the litigation whether Riddick's case will proceed to trial, and, thus, Riddick has not shown any danger of potential jury tainting or has he shown that the defendants are sharing information about his case with members of the public. If he is seeking the gag order for a purpose other than the preservation of a fair trial in this case—for example, because he believes that the defendants or other individuals are violating applicable laws by improperly divulging his medical information—he may pursue such a claim by filing a complaint for such violations in a separate action. Riddick's motion for a gag order in this case (Doc. No. 65), is **DENIED**.

B. <u>Riddick's Requests for Orders to Show Cause, Temporary Restraining Orders and Preliminary Injunctions (Doc. Nos. 66, 74, 76, 81, 82, 88)</u>

Riddick has filed numerous motions requesting injunctive relief that are not appropriately the subject of equitable relief at this stage of the proceedings in this action. In my order at doc. no. 95, I explained that requests for injunctive relief must relate to the underlying claims in this action. I have also, in an order at doc. no. 53, denied a prior request from Riddick for a TRO related to the underlying remedies requested in this action, because Riddick has failed to demonstrate the threshold likelihood of success on the merits. The Second Circuit recently affirmed my decision on the issue. Doc. No. 99. Finally, to the extent a motion for equitable relief seeks to obtain discovery on an underlying claim, Riddick must satisfy the standards for motions to compel pursuant to Federal Rule of Civil Procedure 37(a) and Local Rule 37(a).[1]

At Doc. No. 66, Riddick has sought an "Emergency Order to Show Cause and TRO" requesting an order for the defendants to produce to him a copy of his medical records. Despite its title, the motion best appears to be an attempt to compel discovery. On its merits, Riddick's request should be denied due to its failure to comply with the standards for motions to compel. I have previously denied an earlier attempt by Riddick to compel discovery for the same reason. *See* Doc. No. 31. Moreover, Riddick's request appears to be moot because defendants have indicated that they have provided to Riddick his medical file. To the extent that is not the case, Riddick should first seek resolution of the issue pursuant to the informal procedures set out for discovery in the federal and local rules, and may then, if necessary, file a motion to compel that

---

[1] "[A] party may move for an order compelling disclosure or discovery. The motion must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." Fed. R. Civ. P. 37(a). Pursuant to Local Rule 37(a), the movant must first confer with opposing counsel in person or via telephone and discuss the discovery issues between them in order to arrive at a "mutually satisfactory resolution." In the event a resolution is not reached, the movant must attach an affidavit certifying that, despite a good faith effort, he was unable to resolve the discovery issue with opposing counsel. *Id.*

3

complies with the applicable rules. Riddick's request (Doc. No. 66) is **DENIED**.

At Doc. Nos. 74 and 88, which were both cross-filed in numerous of his cases, Riddick has sought to be provided with certain electronic filing receipts, and to have returned to him his legal books and materials. These requests do not relate to the underlying claims in this case and are thus not the appropriate subject of injunctive relief in this case. Moreover, in filings in other cases, Riddick has indicated that his legal materials have already been returned to him, and that at least some filing receipts have likewise been provided to him. To the extent Riddick requires additional information regarding the administration of this case, he may seek such information in compliance with my order at doc. no. 95. Riddick's requests (Doc. Nos. 74, 88) are **DENIED**.

At doc. no. 76, Riddick seeks an order requiring defendants to repair or replace his eyeglasses. As a preliminary matter, the defendants' opposition to Riddick's request at doc. no. 79 indicates that Riddick's eyeglasses were repaired, and Riddick has not yet objected to that fact, so Riddick's request may be moot. Moreover, to the extent Riddick's request that I enjoin the defendants to repair his eyeglasses pertains to the relief sought in his underlying Eighth Amendment claims, I have already denied Riddick preliminary injunctive relief on such claims. To the extent Riddick's request is not related to the underlying relief sought in his complaint, it is not an appropriate subject for equitable relief in this case. Riddick's request (Doc. No. 76) is **DENIED as moot**.

At doc. nos. 81 and 82, Riddick seeks to prevent defendants from limiting his ability to communicate with Inmates' Legal Aid Program personnel. As outlined in my order at doc. no. 95, such requests are not an appropriate topic of a request for injunctive relief, because they do not relate to the claims raised in the underlying complaint in this case. Accordingly, Doc. Nos. 81 and 82 are **DENIED**. Because Al-Bukhari's motion at doc. no. 82 is denied, his motion for

an extension of time to respond to the defendants' opposition to such motion (Doc. No. 97) is **DENIED as moot**.

C. Motion to Appoint Counsel (Doc. No. 83)

At doc. no. 83, Riddick has filed a motion to appoint counsel. That motion was cross-filed in multiple of his cases and does not properly explain why counsel would be merited in this specific case. Civil litigants have no constitutional right to appointment of counsel, *Parks v. Smith*, 505 F. App'x 42, 43 (2d Cir. 2012) (citing *Cooper v. A. Sargenti Co.*, 877 F.2d 170, 172-74 (2d Cir. 1989)), and the Second Circuit repeatedly has cautioned the district courts against the routine appointment of counsel, *see, e.g.*, *Ferrelli v. River Manor Health Care Center*, 323 F.3d 196, 204 (2d Cir. 2003). I have previously denied a motion by Riddick to have counsel appointed in this case, Doc. No. 56, because I did not think that Riddick had established that this case passed the test of likely merit set forth in *Cooper v. A. Sargenti Co.*, 877 F.2d 170, 173-74 (2d Cir. 1989). Riddick's motion (Doc. No. 83) has not changed my opinion, and his motion is accordingly **DENIED**.

D. Motion to Amend the Complaint (Doc. No. 80)

At doc. no. 80, Riddick has filed a motion to amend his complaint and has attached the proposed amended complaint to his motion. Riddick's changes to his original complaint are not significant and should not affect the progress of this action. His motion to amend (Doc. No. 80) is **GRANTED**. The clerk is directed to docket the complaint attached to Riddick's motion as an amended complaint. The docketed amended complaint shall serve as the operative complaint in this action, moving forward.

E. <u>Motion for Extension of Time for Discovery (Doc. No. 89)</u>

In light of prior circumstances in this case, the deadlines I previously set have not been met. I think it appropriate to extend the deadline for discovery until January 8, 2019, consistent with Riddick's request at doc. no. 89. The deadline for dispositive motions is reset to February 8, 2019. Riddick's motion for extension of the time for discovery (Doc. No. 89) is **GRANTED**. Further extensions are unlikely.

F. <u>Defendants' Motion to Take Riddick's Deposition (Doc. No. 71)</u>

At doc. no. 71, the defendants sought permission to depose Riddick. Riddick opposed to the defendants' motion. Doc. No. 93. Although I agree with the defendants that Riddick's deposition is warranted in this action, the date for the deposition requested by the defendants has lapsed. I therefore **DENY as moot** the defendants' motion (Doc. No. 71) and urge the defendants to submit a new request to depose Riddick, at a date that is appropriate in light of the deadline for discovery set forth above.

## **CONCLUSION**

The following motions and/or requests are **DENIED:** Doc. No. 65; Doc. No. 66; Doc. No. 71; Doc. No. 74; Doc. No. 76; Doc. No. 81; Doc. No. 82; Doc. No. 83; Doc. No. 88; Doc. No. 97. The following motions are **GRANTED**: Doc. No. 80; Doc. No. 89; Doc. No. 98.

The deadline for discovery is reset to January 8, 2019, and the deadline for dispositive motions is reset to February 8, 2019.

**SO ORDERED** at Bridgeport, Connecticut, this 23rd day of August 2018.

/s/ STEFAN R. UNDERHILL
Stefan R. Underhill
United States District Judge